# COMPLAINT FORM

(for non-prisoner filers without lawyers)

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2017 DEC 28  AM 10: 11

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE __SOUTHERN__ DISTRICT OF __INDIANA__

(Full name of plaintiff(s))

__CARLTON EVAN MCINTOSH, JR.__

vs

(Full name of defendant(s))

__THE INDIANAPOLIS METROPOLITAN POLICE DEPT.,__

__THE MARION COUNTY SHERIFF'S DEPT.,__

__OFFICER ROBERT WEBB, ID# 32455,__

Case Number:

**1** **17**-cv- **4749** **SEB** -**MJD**

(to be supplied by clerk of court)

A. PARTIES

1. Plaintiff is a citizen of __Indiana__ and resides at
   (State)

   __1732 Englewood Drive, Indianapolis, In., 46219__
   (Address)

   (If more than one plaintiff is filing, use another piece of paper).

2. Defendant __Robert Webb ID# 32455__
                                                                    (Name)

Complaint – 1

(ADDITIONAL DEFENDANTS)

Jordan Lewis ID# 32342, Indianapolis Metropolitan Police Department (IMPD),

William Reddy ID# 2606, IMPD,

Lori Phillips ID# 20405, IMPD,

Richard Lavish ID# 31345, IMPD,

Ernest Goss ID# 31695, IMPD,

Jereme Morris ID# 31729, IMPD,

Brenda Samm ID# 30723, IMPD,

Kollin Anslow ID# 31649, IMPD,

David Miedema ID# 32074, IMPD,

Kenneth Greer ID# G4054, IMPD,

Ryan Gootee ID# 31336, IMPD,

Aaron Sparks ID# S5229, IMPD.

Complaint-1, additional pg-1

is (if a person or private corporation) a citizen of __Indiana__
(State, if known)

and (if a person) resides at __(unknown)__
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for __Marion County Sheriff's Department__
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B.   STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

On February 6, 2014, while plaintiff Carlton E. McIntosh, Jr. was grocery shopping at Kroger, 7101 E. 10th St, Indianapolis, Indiana, 46219. While acting under color of law, Robert Webb ID#32455, a deputy for the Marion County Sheriff's Dept., stopped plaintiff as plaintiff was exiting the Kroger store. Plaintiff had just left the cash register at the 'check out,' where plaintiff had just paid for his items purchased. Defendant Robert Webb approached plaintiff and asked if he made the sensor go off. Plaintiff turned toward Robert Webb, a tall white male wearing a hooded sweatshirt, jeans and boots. Plaintiff assumed the person to be a plains clothes police officer or store security. Plaintiff then responded: "no, I didn't."

Complaint – 2

Defendant then stated: "I need to search your bags because a woman who was shopping in the store told one of the managers that she saw a black male who looked suspicious." At no time did defendant identify himself as a police officer or store security. Plaintiff asked defendant who he was. Defendant then stated: "it don't matter" and proceeded to reach for plaintiff's grocery bag. Plaintiff complied and handed him his bag to be searched, and his receipt for verification of his purchases. After defendant verified the items in plaintiff's bag were all in fact purchased, defendant then began to 'pat' on plaintiff's body as in conducting a search, without asking plaintiff or advising plaintiff of his rights. Defendant found plaintiff to be without any store merchandise or anything illicit. As plaintiff proceeded to exit the store, the defendant asked the plaintiff if he would mind waiting here, that he needed to speak with the store manager. Plaintiff then told defendant that there was no reason for him to further detain him, that he had already searched him, checked his bags, and that he had an appointment with a lady friend at his home, and he did not appreciate being profiled, searched, detained without cause or justification, and being embarrassed and humiliated. This incident had taken place in the store's foyer, in the presence of a lot of customers entering and exiting the store. This Kroger store is in close

C. JURISDICTION

(CONTINUATION OF STATEMENT OF CLAIM)

proximity of plaintiff's home and he frequents this store, often seeing his neighbors and friends. Several people were looking and pointing toward the scene. The plaintiff exited the store and proceeded to his car. As the plaintiff unlocked his car door he heard someone yell: "hey," and immediately after that the defendant deliberately grabbed plaintiff from behind, in an aggressive manner he tried to throw plaintiff to the pavement while screaming: "didn't I tell you to stay in the store." Plaintiff managed to pull free from defendant's grip and asked him: "what are you doing." Plaintiff then told him that he had no right to physically grab him, that he had already searched him and found him to have purchased all his items. Plaintiff then asked defendant to show him his badge or his police identification. The defendant then stated: "I don't have to show you shit." Plaintiff told defendant that he had no reason or right to detain him, that he did not want any trouble, and that he was going home. Plaintiff then got into his car, drove off and went home, leaving the defendant standing in the Kroger parking lot, pointing at him while calling out obscenities toward the plaintiff.

  Plaintiff resided a few blocks from the Kroger store and went directly home. Plaintiff drove into his driveway and was retrieving his groceries from his car, when three police cars pulled up in front of his driveway, parking on the street and blocking the entrance to plaintiff's driveway. As plaintiff was walking toward his front door to his house, one of the officers got out of his squad car and asked plaintiff: "were you just at the Kroger on 10th and Shadeland." Plaintiff answered yes. The officer then said: "we got reports that you assaulted an officer, I need you to come down to the street." Plaintiff told the officer that he had not assaulted anyone, and then entered his house with the grocery bags he had

(CONTINUATION OF STATEMENT OF CLAIM)

in his arms. Within five minutes there were approximately ten police cars in front of plaintiff's house. Plaintiff then stepped out onto his front porch and proceeded toward his driveway with his hands up so that he was showing the officers that he was peaceful and did not have anything in his hands. At that point several officers, what appeared to be all of them, pulled their weapons and pointed their guns at the plaintiff. Plaintiff recognized defendant Robert Webb as the officer from the Kroger, who was leading the group toward him as he stood in the driveway with his hands up.  Plaintiff then asked if they had a warrant to come onto his property. At that time the defendant Robert Webb struck him and knocked him to the ground, then began kicking him. At that point the plaintiff saw the other twelve officers surround him and join in on the kicking and grabbing of his arms, hands, neck and legs. Officer Robert Webb, Jordan Lewis, William Reddy, Lori Phillips, Richard Lavish, Ernest Goss, Jereme Morris, Brenda Samm, Kollin Anslow, David Miedema, Kenneth Greer, Ryan Gootee, and Aaron Sparks, all acted with callous and reckless indifference by using excessive force to cause pain and injury to plaintiff when they all hit, kicked, twisted his limbs and put knees and their shoes and boots on his neck, head and back, while acting under color of law in an official capacity. Plaintiff clearly protested the officers coming onto his property without a warrant. These officers knew or should have known that their actions violated clearly established law and thereby deprived plaintiff of his constitutional rights when he exercised his right to refuse entry onto his property. All defendants participated in the assault or failed to stop it.

After these officers assaulted plaintiff he was handcuffed and sat in the driveway of his home, where the officers proceeded toward the front door where they were confronted by Alesha Cross, plaintiff's first cousin and the homeowner. The officers told plaintiff that they were going to serach the house.

(CONTINUATION OF STATEMENT OF CLAIM)

The plaintiff told officer Robert Webb that he lied when he reported that he was assaulted by the plaintiff, and asked him why he wanted to search the house, and where was the search warrant. The defendant Robert Webb and the other officers present did not answer plaintiff as they proceeded toward the front door. Alesha Cross also told the officers, all the defendants, that they cannot come into her house without a warrant. Officer Robert Webb and the other officers then pointed their guns at her and told her to move out of their way. Plaintiff heard Alesha Cross clearly tell Robert Webb and the officers standing there with their guns drawn on her that she is not consenting to them entering her home or searching it. The defendant Robert Webb then told Alesha Cross that she would be arrested if she tried to prevent him from entering the house and searching it, Webb then pushed her out of the entrance of the front door and him and several other officers proceeded to search the house. They searched every part of the house including the basement, and the garage which is attached to the house. After the defendant Robert Webb searched the house without consent, he attempted to get the plaintiff to sign a voluntary permission to search document, which he refused. Webb then tried to get Alesha Cross to sign the same form, which she also refused to sign.

Plaintiff sat handcuffed in the driveway of his home for several hours before being placed in a vehicle and taken to the Marion County Jail. Plaintiff was never told what he was being arrested for by any of the officers on the scene at his home, and plaintiff was never provided any medical attention after complaining of injury.

Plaintiff was processed in the jail, held for five full days before being released on his own recognizance, placed on probation as a pre-trial diversion program. Plaintiff pled not guilty to all charges and demanded a jury trial. Plaintiff was denied his liberty to travel out of the State, which caused an adverse affect on his employment. Plaintiff was terminated from his employment

(CONTINUATION OF STATEMENT OF CLAIM)

because of the five days in jail this arrest caused him to miss work.

Plaintiff had another property he leased at 3343 N. Carrolton Ave, Indianapolis, Indiana 46205, which he was evicted from due to him being arrested and terminated from his job, and unable to pay his lease. Plaintiff went to court for more than two years, stayed on probation the entire time. On January 5, 2016 the plaintiff appeared in the Marion County Superior Court for a Jury Trial. The State's Prosecutor requested a dismissal for lack of evidence and failure of primary witnesses to appear for trial.

Plaintiff wants damages for the several hours detention imposed on him while sitting handcuffed in his driveway, the pain and suffering inflicted on him during the assault in his driveway, which was inflicted by all the defendants named, and the embarrassment during the the excessive search at the Kroger store, which the officer determined that plaintiff did not violate any law.

All defendants are being sued in their individual and official capacities for their assault on the plaintiff, the filing of false reports, and causing plaintiff injury, pain and suffering. When plaintiff arrived in jail he reported his injuries when he was "booked in" to the officers who processed him, but he was not seen by any medical staff, which caused him to just sit and suffer for the next five days.

The plaintiff was falsely charged after defendant Robert Webb submitted his porbable cause affidavit stating plaintiff committed several counts of resisting law enforcement, that plaintiff committed battery with injury on him, and theft and receiving stolen goods. Defendant Robert Webb was declared the "Essential Police Witness" by the Prosecuting Attorney. During the more than two (2) year period of time these false charges were pending against the plaintiff, defendant Robert Webb and the other defendants never appeared in court for any of the several hearings in this matter. All defendants failed to appear on day of trial. Complaint-3, additional pg-4

[X]  I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

[ ]  I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D.  RELIEF WANTED

Describe what you want the court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or stop doing something.

Plaintiff requests $200,000 in punitive damages for officer's assault and subsequent false reports that he filed stating that plaintiff assaulted him and resisted arrest; $20,000 for each of the five (5) days plaintiff spent in the Marion County Jail, totalling $100,000; $5,000 for each of the three hundred and thirty seven (337) days plaintiff spent on probation, totalling $1,685,000; $30,000 for lost wages from job; $2,000 for court and travel expenses for the more than two years of the pending process; $5,850 for eviction expenses and remainder of lease plaintiff was responsible for due to eviction; $50,000 for public humiliation and embarrassment. For a total of $2,072,850.

E.   JURY DEMAND

[X]   Jury Demand – I want a jury to hear my case
OR
[ ]   Court Trial – I want a judge to hear my case

Dated this 28th day of December 20 17.

Respectfully Submitted,

*Carlton McIntosh*
Signature of Plaintiff

317-828-0722
Plaintiff's Telephone Number

Carltonmcintosh418@gmail.com
Plaintiff's Email Address

1732 Englewood Drive, Indianapolis, Indiana 46219
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

[ ]   I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

[X]   I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.